IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| **AMERICAN TRUST LAND COMPANY INC**, | ] ] ] | |
| Plaintiff, | ] ] | |
| v. | ] ] | CV-11-BE-2465-S |
| **CITIZENS TRUST BANK,** | ] ] | |
| Defendant. | ] | |

## **MEMORANDUM OPINION**

This case is before the court on the "Motion to Dismiss" (doc. 4) filed by Defendant Citizens Trust Bank (CTB). The court set a briefing schedule on this motion (doc. 5). The plaintiff, however, failed to respond by its deadline of July 25, 2011. For the reasons set out below, the court finds that the unopposed Motion to Dismiss is due to be **GRANTED**.

At the outset, the court addresses Plaintiff's failure to respond. Courts in the Eleventh Circuit have held that the failure of a party to respond to or oppose a pending motion may constitute an abandonment of the claims at issue in that motion. *See Coal. for the Abolition of Marijuana Prohibition v. City of Atlanta*, 219 F.3d 1301, 1326 (11th Cir. 2000) (finding that a party's failure to brief and argue an issue before the district court is grounds for declaring it abandoned); *Hooper v. City of Montgomery*, 482 F. Supp. 2d 1330, 1334 (M.D. Ala. 2007) (concluding that a plaintiff's failure to respond to defendant's motion to dismiss resulted in dismissal of those claims as abandoned); *Anderson v. Greene*, 2005 WL 1971116, *3 (S.D. Ala. Aug. 16, 2005) ( "[A party's] decision not to proffer argument or authority in response to the Motion [to Dismiss] is at his peril."). Although lack of opposition may certainly provide a

1

sufficient basis for "abandonment," the court finds that the better course of action is to consider the motion on its merits.

Defendant CTB argues that the Plaintiff's claims in this action should have been asserted as compulsory counterclaims in a prior action that is currently pending in the Northern District of Alabama before Judge Proctor. CTB attached a copy of the complaint in the prior lawsuit as Exhibit A to its motion to dismiss. *See Citizens Trust Bank v. Am. Trust Land Co.*, Case No. 2:11-CV-1348-RDP. In that diversity suit, CTB sued American Trust Land Company Inc. to recover leftover sums owed under a promissory note following American Trust's default on the note and CTB's foreclosure of the property secured by the note. American Trust filed a one-page answer to the complaint that asserted as a defense that it "may not be indebted" to CTB and that the amount demanded "is excessive." (*See* Ex. C to Mot. to Dismiss). Subsequently, American Trust filed the state court complaint that has become the basis of this removal action, asking the court to set aside the foreclosure by CTB related to the same promissory note.

Under Federal Rule of Civil Procedure 13(a), a pleading must state as a counterclaim any claim that at the time of serving the pleading the pleader has against the opposing party, if it "arises out of the transaction or occurrence that is the subject matter of the opposing party's claim." Compulsory counterclaims not asserted in a pleading are "'thereafter barred.'" *Nippon Credit Bank, Ltd. v. Matthews*, 291 F.3d 738, 755 (11th Cir. 2002) (quoting *Baker v. Gold Seal Liquors, Inc.*, 417 U.S. 467, 469 n.1 (1974)). Thus, where a party fails to plead a counterclaim, it is precluded from asserting that claim in future litigation. *See Cleckner v. Republic Van &*

*Storage Co.*, 556 F.2d 766, 769 n.3 (5th Cir. 1977).[1]  The objectives of Rule 13(a) are to provide complete relief to the parties in a single suit, to promote judicial economy, and to avoid the inefficiencies of piecemeal litigation.  *John Alden Life Ins. Co. v. Cavendes*, 591 F. Supp. 362, 366 (S.D. Fla. 1984).  Rule 13(a) particularly applies against one who "failed to assert a counterclaim in one action and then instituted a second action in which that counterclaim became the basis of the complaint."  *So. Constr. Co. v. Pickard*, 371 U.S. 57, 60 (1962).

Claims asserted in a subsequent action clearly are due to be dismissed when they should have been asserted as compulsory counterclaims in a case which proceeded to judgment.  *See* Rule 12 Advisory Committee Note 7.  But claims may also be dismissed when the prior action is still pending.  *See Owens v. Blue Tee Corp.*, 177 F.R.D. 673, 682 (M.D. Ala. 1998). Courts have stayed or dismissed claims "in the interests of judicial administration" when they learn that those claims are properly characterized as compulsory counterclaims in another pending action.  *See Blue Cross & Blue Shield of Ala. v. Hobbs*, 209 F.R.D. 218, 220 (M.D. Ala. 2002) (citing cases).

A counterclaim is compulsory where it arises from the same transaction and the same operative facts that serve as the basis for both claims, or the aggregate core of facts upon which the claim rests activates additional legal rights in the defendant.  *Plant v. Blazer Financial Services, Inc.*, 598 F.2d 1357, 1361 (5th Cir. 1979).  Courts in the Eleventh Circuit apply the "logical relationship" test to determine whether a counterclaim is compulsory.  *See Republic Health Corp. v. Lifemark Hosps. of Fla., Inc.*, 755 F.2d 1453, 1455 (11th Cir. 1985) (citing

---

[1] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir.1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

*United States v. Aronson*, 617 F.2d 119, 121 (5th Cir. 1980)). Under this test, "a counterclaim is logically related to the opposing party's claim where separate trials on each of their respective claims would involve a substantial duplication of effort and time by the parties and the courts." *Revere Copper & Brass, Inc. v. Aetna Cas. & Sur. Co.*, 426 F.2d 709, 714 (5th Cir. 1970).

Here, CTB argues that American Trust's claims in this case involve the same operative facts as the case pending before Judge Proctor. (*See* Motion to Dismiss at 5-6). Specifically, "[b]oth actions arise out of the same loan/mortgage transaction, involve the same parties, the same witnesses and involve the same documents and/or evidence." Reviewing the complaint in the prior action and comparing it to the complaint in this case, the court agrees. The Plaintiff apparently agrees too, or else has abandoned any argument to the contrary by failing to file any brief in opposition as discussed earlier.

The claims Plaintiff asserts in this action were available to it at that time it filed its responsive pleading in the case before Judge Proctor. Thus, Plaintiff should have raised these claims in the prior pending suit, and those claims are now barred by Rule 13(a). For this reason, the court will **GRANT** CTB's motion to dismiss this case in a separate Order.

DONE and ORDERED this 9th day of August, 2011.

_____
KARON OWEN BOWDRE
UNITED STATES DISTRICT JUDGE